# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MICHELLE WYNN JOHNSON, )
)
    Plaintiff, )
)
v. ) CV425-184
)
FRANK BISIGNANO, )
)
    Defendant. )

## ORDER

Michelle Wynn Johnson, proceeding *pro se*, filed a Complaint seeking judicial review of the Social Security Administration's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). *See* doc. 1. The District Judge issued an Order directing Plaintiff to complete and return a Statement Regarding Assignment of Case to a United States Magistrate Judge. Doc. 8 at 2. After the time for compliance with that direction expired, the Clerk sent Plaintiff a Notice that the form was not returned. Doc. 9. After fourteen days, the Court entered an Order directing the Plaintiff to show cause why her case should not be dismissed. *See* doc. 10 at 2-3. Although she did not directly respond to the Order to Show Cause, she did return the

Statement Regarding Assignment of Case to a United States Magistrate Judge, doc. 11. Therefore, based on Johnson's compliance, albeit untimely, with the original Order, the Court determined that dismissal was not justified at that time. Doc. 15 at 2-3 (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). The Court, at that time, again reminded Plaintiff that she is subject to the governing procedural rules, and that any failure to comply with a Court Order or timely prosecute her case could result in dismissal. *See* doc. 15 at 3; *see also* doc. 5 at 2; doc. 10 at 2. She was also reminded, not for the first time, *see* doc. 5 at 2, that she must familiarize herself with the Federal Rules of Civil Procedure, the Supplemental Rules for Social Security Decisions Under 42 U.S.C. § 405(g), and this Court's Local Rules. Doc. 15 at 3.

Despite these multiple warnings, Plaintiff has yet again failed to act. The Defendant filed an Answer and Transcript of proceedings before the Social Security Administration on November 18, 2025, *see* docs. 16 & 17, so Plaintiff's brief was due no later than December 18, 2025, *see* Rule 6, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). Over 10 days have elapsed since that deadline, and Plaintiff has not filed anything. *See generally* docket. Her persistent

failure to comply with this Court's instructions and to timely prosecute her case justifies dismissal.

As this Court has warned before, doc. 5 at 2; doc. 10 at 2; doc. 15 at 3, it has the authority to prune cases from its docket where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). The Local Rules permit the Court, *sua sponte*, to "dismiss any action for want of prosecution" where there has been "[w]illful disobedience or neglect of any order of the Court." S.D. Ga. L. Civ. R. 41.1(b).

Other than belatedly complying with the District Judge's Order to submit the Statement Regarding Assignment of Case to a United States Magistrate Judge, Plaintiff has not filed anything since she first initiated this case in August 2025. *See generally* docket. She has been reminded, several times, of the applicable rules. She has, nevertheless, failed to comply with those rules. Her case is, therefore, **DISMISSED**

for her failure to prosecute it. The Clerk is directed to prepare the appropriate judgment and to close this case.

**SO ORDERED,** this 31st day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA